OPINION
On January 6, 1992, the Holmes County Grand Jury indicted appellant, Terry Milam, on one count of rape in violation of R.C.2907.02 and one count of felonious sexual penetration in violation of R.C. 2907.12. Said charges arose from incidents involving appellant's daughter, a girl under the age of thirteen. On February 4, 1992, appellant pled guilty to the rape charge. The charge of felonious sexual penetration was dismissed. By judgment entry filed April 10, 1992, the trial court sentenced appellant to a total indeterminate term of ten to twenty-five years in prison. On July 16, 1997, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed October 31, 1997, the trial court classified appellant as a "sexual predator." Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT'S ADJUDICATION OF THE DEFENDANT AS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II OHIO REVISED CODE SECTION 2950.09, AS APPLIED, VIOLATES THE EX POST FACTO CLAUSE OF SECTION 10, ARTICLE I OF THE UNITED STATES CONSTITUTION.
 III OHIO'S SEXUAL PREDATOR LAW VIOLATES SECTION 1, ARTICLE I OF THE OHIO CONSTITUTION.
 I
Appellant claims the trial court's classification was against the manifest weight of the evidence. We disagree. In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, including, but not limited to, all sexual offense; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In its judgment entry of October 31, 1997, the trial court did consider the above factors. The trial court had before it the complete record of the case including the indictment and the transcripts from the change of plea and sentencing hearings. The trial court noted this case involved a four year old victim. The victim was appellant's daughter who was infected "with a sexually transmitted disease." At the February 4, 1992 plea hearing, it was established "vaginal sexual penetration" occurred. T. at 4. Appellant admitted to having "sex with my daughter." T. at 11. However, in its judgment entry the trial court noted through recent postconviction relief proceedings appellant has denied having sex with his daughter. The trial court determined "[g]iven his current denial of sexual deviancy, he is at great risk to re-offend." The trial court found appellant "has not participated in any sex offender treatment." Based upon the above factors, the trial court concluded appellant should be classified as a "sexual predator" as defined in R.C. 2950.01(E). Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence. Assignment of Error I is denied.
 II
Appellant claims R.C. 2950.09 as applied violates the ex post facto clause. We disagree. In its syllabus, the Cook court held the following: 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. Assignment of Error II is denied.
 III
Appellant claims R.C. Chapter 2950 violates Section 1, Article I
of the Ohio Constitution. We disagree. Section 1, Article I of the Ohio Constitution states "[a]ll men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety." Appellant argues the provisions of R.C. Chapter 2950 "unreasonably interfere with his liberty beyond the necessities of the situation." See, Appellant's Supplemental Brief at 3. In support of this argument, appellant cites the case of State v. Williams (January 29, 1999), Lake App. No. 97-L-191, unreported. The Williams court analyzed R.C. Chapter 2950 under the "two-part test for the validity of police power legislation" as set forth in Benjamin v. Columbus (1957), 167 Ohio St. 103, paragraph five of the syllabus: Although almost every exercise of the police power will necessarily either interfere with the enjoyment of liberty or the acquisition, possession and production of property, within the meaning of Section 1 of Article I of the Ohio Constitution, or involve an injury to a person within the meaning of Section 16 of Article I of that Constitution, or deprive a person of property within the meaning of Section 1 of Article XIV of the Amendments to the Constitution of the United States, an exercise of the police power having such an effect will be valid if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary. The Williams court agreed R.C. Chapter 2950 "bears a real and substantial relation to the legislature's legitimate goal of protecting the public." However, the court found the registration statutes unreasonably infringe on an individual's right to privacy, right to acquire property, right to protect his/her property, right to pursue a business or occupation and right to one's reputation. While the Supreme Court of Ohio has yet to evaluate the constitutionality of R.C. Chapter 2950 in light of Section 1, Article I of the Ohio Constitution, the court has sent a strong indication of its constitutionality by way of its decision in Cook. In Cook at 413-414, the Supreme Court of Ohio stated the following: This court is not blind to the effects of the notification provisions of R.C. Chapter 2950. Offenders may become ostracized from society and even experience harassment. However, `an allegation that government dissemination of information or government defamation has caused damage to reputation, even with all attendant emotional anguish and social stigma, does not in itself state a cause of action for violation of a constitutional right; infringement of more "tangible interests" must be alleged as well.' (Citation omitted.) Borucki v. Ryan (C.A.1, 1987), 827 F.2d 836, 842-843. Further, `[t]he harsh consequences [of] classification and community notification come not as a direct result of the sexual offender law, but instead as a direct societal consequence of [the offender's] past actions.' State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, 1997 WL 786216.
As to the dissemination of information regarding the offender's status, a conviction has always been public record. The General Assembly struck a balance between the privacy expectations of the offender and the paramount governmental interest in protecting members of the public from sex offenders. We cannot conclude that the Retroactivity Clause bans the compilation and dissemination of truthful information that will aid in public safety. In addition, this dissemination requirement imposes no burden on the defendant; the duty to notify the community applies only to the sheriff with whom the defendant has most recently registered.
Thus, we conclude that these dissemination provisions do not impinge on any reasonable expectation of finality defendant may have had with regard to his conviction for gross sexual imposition, and that he, therefore, had no substantive right in this regard. See Matz, 37 Ohio St.3d at 281, 525 N.E.2d at 808. Consequently, the General Assembly could permissibly impose these additional obligations without infringing on a substantive right.
The Cook court further stated the following at 418:
R.C. Chapter 2950 requires all classifications of sex offenders to register with the sheriff of the county in which the offender resides. R.C. 2950.04(A). The act of registering does not restrain the offender in any way. Registering may cause some inconvenience for offenders. However, the inconvenience is comparable to renewing a driver's license. Thus, we find that the inconvenience of registration is a de minimis administrative requirement.
While admittedly the Cook case was decided on different constitutional issues, we find the cited dicta to be persuasive. In addition, this court has reviewed a challenge to R.C. Chapter 2950 on the constitutional right to privacy and has denied same. See, State v. Smith (June 30, 1999), Perry App. No. CA98-2, unreported. Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Edwards, J. concur.